UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


**JEREMY SONNIER**                                                       **CIVIL ACTION**

**VERSUS**                                                               **NO. 08-4800**

**JOHN CRAIN, ET AL.**                                                   **SECTION "B"(4)**


<u>ORDER AND REASONS</u>

     Before the Court are Plaintiff Sonnier and Defendants Dr. John Crain, Jim McHodgkins and Thomas Carmichael's second cross motions for summary judgment. With respect to Plaintiff and Defendants' first cross motions for summary judgment (Rec. Doc. Nos. 62 and 63), this Court ruled that SLU's Speech Policy is narrowly tailored for First Amendment purposes, but denied both motions for summary judgment because of a disputed fact regarding alternative avenues of communication (Rec. Doc. No. 73).

     On the remaining issue of whether the Defendants' Speech Policy left sufficient alternative avenues of communication open, Plaintiff filed a Second Motion for Summary Judgment (Rec. Doc. No. 76). In response, Defendants submitted a memorandum in opposition to Plaintiff's Motion (Rec. Doc. No. 79). Additionally, Defendants submitted their Second Motion for Summary Judgment and/or Motion for Dismissal (Rec. Doc. No. 77). Plaintiff submitted a response thereto (Rec. Doc. No. 78).

     Accordingly, and for the reasons pronounced below,

1

**IT IS ORDERED** Plaintiff's Second Motion for Summary Judgment(Rec. Doc No. 76) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Second Motion for Summary Judgment and/or Motion for Dismissal (Rec. Doc. No. 77) be **GRANTED IN PART** and **DENIED IN PART**.

Cause of Action and Facts of the Case:

The facts of this case are well known to the Court (Plaintiff filed a 42 U.S.C. §§ 1983 and 1988 action against Dr. John Crain, in his official capacity as Interim President of Southeastern Louisiana University ("SLU"), Jim McHodgkins, individually and in his official capacity as Assistant Vice President for Student Affairs of SLU, and Thomas Carmichael, individually and in his official capacity as a SLU police officer for allegedly violating his First Amendment rights), and are adopted and incorporated by reference. (See Rec. Doc. No. 41).

Law and Analysis:

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477

U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). "[T]he issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The moving party bears the initial responsibility of informing the district court of the basis for its motion. *Celotex*, 477 U.S. at 323. The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (citing Fed. R. Civ. P. 56). If and when the movant carries this burden, the nonmovant must then go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence

3

to establish a genuine issue. *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

      i.   **Free Speech Analysis on Alternative Avenues of Communication**

"The First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. International Society for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). However, permissible time, place and manner restrictions on speech must "leave open ample alternative channels for communication." *City of Ladue v. Gilleo*, 512 U.S. 43, 56 (1994) (citing *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984)).

    The Supreme Court and various circuit courts have held that alternative avenues of communication, similar to those in the case at bar, were sufficient to satisfy the requirements of the First Amendment. In *Heffron*, the Supreme Court held that a state fair rule prohibiting the sale or distribution of any merchandise including printed or written material except from fixed locations on fair grounds did not violate the First Amendment rights of members of a religious sect who wished to distribute religious

literature. 452 U.S. at 655. The Court noted that the fair ground rules did not prevent members of the religious sect from mingling with the crowd and orally propagating their views or from arranging, with the organizers of the fairground, for a booth from which to distribute and sell literature. *Id.* In *Gilles v. Blanchard*, the Seventh Circuit held that confining person-to-person solicitations to particular areas of a public university campus was appropriate. 477 F.3d 466, 471 (7th Cir. 2007). The Eleventh Circuit has held that a public university left open ample alternative channels for communication where an outside speaker was able to talk to students as they entered and exited the university campus. *Bloedorn v. Grube*, 631 F.3d 1218, 1241-42 (11th Cir. 2011). Additionally, the *Bloedorn* Court noted that the Plaintiff could have "conceivably obtain[ed] sponsorship from [a] GSU-affiliated organization[] to speak on campus. And, if he were so sponsored, Bloedorn would not have to comply with the limitations on outside, non-sponsored speakers." *Id.* The Court noted that the Plaintiff had made no attempt to gain such sponsorship. *Id*.

In the case at bar, Plaintiff admits that he objects to the limitation that outside speakers must stay on three particular areas of campus to speak, if they have not acquired sponsorship from a university organization, because he wants to be able to engage in expression in any open area where students can be found. (Rec. Doc. No. 76-11, at 5). However, Plaintiff has several other

5

options: (1) Plaintiff may talk to students on a one-on-one basis as they walk around the campus (Rec. Doc. No. 77-2, at 4), (2) Plaintiff could have applied to assemble in one of SLU's designated areas for outside-speaker assemblage (Id.), (3) Plaintiff could have applied for sponsorship from one of SLU's many students organizations and possibly have avoided all of the restrictions that apply to non-sponsored outside speakers (Id.), or (4) Plaintiff could have assembled on Hammond sidewalks surrounding SLU (Rec. Doc. No. 77-1, at 6) and spoken to students exiting the campus. Plaintiff has not applied to speak in one of the designated areas nor has he attempted to attain sponsorship. (Rec. Doc. No. 62-1, at 8). Unfortunately for Sonnier, the alternative forum for communication does not have to be the speaker's first choice. *Sarre v. City of New Orleans*, 420 Fed. Appx. 371, 376 (5th Cir. 2011). Plaintiff cannot engage in any manner of speech on a public university campus simply because he feels like doing so. In this case, the facial challenge to the available alternative channels of communication must be denied as there are no issues of material fact as to whether the alternative channels are constitutionally sufficient.

Plaintiff has not attempted to use the alternative avenues of communication available to him (Rec. Doc. No. 62-1, at 8) and consequently, Sonnier's as-applied challenge to the alternative avenues of communication available through SLU's Speech Policy is

6

not ripe for consideration at this time.

**B. Vagueness**

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined... laws [must] give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). The disputed policy, Southeastern Louisiana University's Policy on Public Speech, Assembly and Demonstrations (Rec. Doc. No. 62-9), is not impermissibly vague. It lays out time, place and manner restrictions in an intelligible manner. Plaintiff asserts that Defendant's speech policy is unconstitutionally vague because the text of SLU's Speech Policy purportedly limits all expression, rather than just stationary expression, to three designated areas on campus. (Rec. Doc. No. 76-12, at 5). Plaintiff states that in legal argument, SLU projects an interpretation of its policy that is contrary to this text, purporting to regulate only stationary expression and that this "strained interpretation" fails to give the Plaintiff fair warning about how he may engage in expression. (Rec. Doc. No. 76-12, at 5). The Policy overtly refers to "public speech, assembly and demonstrations" (Rec. Doc. No. 62-9) and additionally states that the use of the designated areas "shall not include activities which could constitute non-permissible

7

solicitation or which would be an infraction of the university sign policy in regards to indiscriminately handing out materials to passers-by." (Id.). Persons of ordinary intelligence can reasonably determine the meaning of the words "public speech," "assembly," and "demonstrations." These words connote some form of stationary communication and a person of ordinary intelligence would have a reasonable opportunity to understand how the regulation is applied by reading the text of the regulation. Plaintiff's request that SLU's Policy be struck down as impermissibly vague is denied.

**C. Motion for reconsideration regarding narrow tailoring**

      i. Timeliness

Although the federal rules do not specifically provide for the filing of motions for reconsideration, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment if it seeks to change the order or judgment issued. 11 Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.)(citing *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006); *Piper v. U.S. Dept. of Justice*, 312 F. Supp. 2d 17 (D.D.C. 2004)). Here, Plaintiff Sonnier requests that the Court reconsider its decision that SLU's Speech Policy is narrowly tailored. Thus, it will be treated as a motion to alter or amend a judgment.

Federal Rule of Civil Procedure 59(e) states that "a motion to alter or amend a judgment must be filed no later than 28 days after

the entry of the judgment." Fed. R. Civ. P. 59(e). This Court's order and reasons with respect to the narrow tailoring issue was entered on February 24, 2012 (Rec. Doc. No. 73) and Plaintiff's request for reconsideration was filed on September 12, 2012 (Rec. Doc. No. 76). Thus, the Plaintiff's request was made well-after the relevant deadline and will not be entertained.

Accordingly, and for the reasons enumerated above, it is **ORDERED** that Plaintiff's Second Motion for Summary Judgment (Rec. Doc. No. 76)be **DENIED** and that Defendant's Second Motion for Summary Judgment (Rec. Doc. No. 77) be **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs arguments as to vagueness, reconsideration and the facial insufficiency of SLU's Policy all fail. The only remaining issue concerns the as-applied sufficiency of SLU's Policy. At this time, the as-applied challenge is not ripe for consideration because Plaintiff has not attempted to utilize the alternative avenues of communication provided by SLU's Speech Policy. Plaintiff must file an as-applied challenge to SLU's Speech Policy, if any, by **Thursday, February 14, 2013.** Failure to timely file a motion may lead to dismissal of claims without further notice.

New Orleans, Louisiana, this 30th day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE

9